## ARBITRATION.

UNDERHILL *v.* VAN CORTLAND and others.—*Or. bill in Ch.*

VAN CORTLAND *v.* UNDERHILL and others.—*Cross bill.*

In Ct. of Err. 17 R. 405.   In Ch. 2 J. C. R. 339.

*Arbitration; Award; Jurisdiction of Chancery in setting aside Award, and in what Cases.*

THE bill in this case was filed by Underhill and others, in the Court of Chancery, to have carried into effect an appraisement or award made in their favor against Van Cortland and others, by three appraisers or arbitrators, appointed by the parties under the covenant in a lease for a term of years of certain water privileges, mill, &c., of which lease Underhill, and others, the plaintiffs, were assignees. The covenant was to pay the lessee or his assigns, &c., the value of the buildings, mills, improvements, &c., which they might put upon the premises during their term : for which purpose two appraisers, and in case of difference, an umpire, were to be chosen, in the manner pointed out in the lease. The appraisers awarded the plaintiffs $18,500, for the buildings, dam, &c., from which they also awarded that the

value of the timber cut on the premises by the plaintiffs, · · should be deducted when ascertained, &c. . The plaintiff's bill prayed that the defendants might be decreed to pay the sum awarded, deducting the value of the timber, and that an account might be taken of that, &c. The defendants' answer set up various matters relative to the appraisement, the conduct of the appraisers in excluding proper evidence, &c., on account of which they alleged the valuation to be erroneous, excessive, and void. In their *cross bill*, they made the plaintiffs and the three appraisers defendants, but the name of one of them was afterwards struck out, that he might be examined as a witness. Proofs were taken by the parties in support of their respective allegations, which it is not necessary to review, as the decision of the cause in the Court of Errors, turned upon the single ground of the misconduct of the arbitrators in refusing to hear pertinent and material evidence. A question was made on the hearing, whether the appraisers were to be considered as mere appraisers, or as arbitrators who had power to make such an award; but as the distinction was considered an immaterial one in both courts, it is not deemed necessary to do more than refer to it.

On the hearing before the arbitrators, Van Cortland and the defendants, offered to prove the original cost of a dam and raceway, which had been constructed twenty years before, with a view to establish their value at the time of appraisement, and to show that the plaintiff's claim was grossly disproportioned to their original cost and present value. This evidence the appraisers declined to hear. It is on the different views taken by the Chancellor and the Court of Errors of the effect of this rejection of evidence, that their conflicting decisions are placed.

The Chancellor says: "The rejection of evidence to show the original cost of a dam and raceway, was the first ground on which the award was sought to be set aside."

"It can not surely become a question whether evidence of the cost of a dam and raceway built twenty-one years before, was material in an inquiry as to their existing value. There could be very little, if any analogy, considering the space of time which had intervened, and the great varia-

tions in prices, labor and business, and many other circumstances connected with such works. I doubt whether any court of justice would have deemed such evidence, in such a case, pertinent. Instead of guiding it would probably have misled." He therefore concludes that its rejection was no *misconduct* on the part of the arbitrators, or even want of due discretion.

As to the *over valuation*, alleged as a ground of setting aside the award, the Chancellor says that, "as no corruption or partiality is alleged, and no misconduct on the part of the arbitrators, or of fraud on the part of the plaintiffs had been shown, the court can not inquire into the charge of an over or under valuation; or of the reasonableness or unreasonableness of the award, but it is binding and conclusive. The decision by arbitrators is a decision by judges of the parties' own choice and election. The Chancellor accordingly decreed in the original suit, the amount of the award to the plaintiffs, on account, &c., as prayed for, reserving it for further directions."

On appeal from this decree, the two suits came on to be heard before the Court of Errors on the merits, and the Court of Errors *reversed* the Chancellor's decree.

Spencer J. delivered the opinion of the majority of the court. He stated that "his opinion in favor of *reversal* was based upon the rejection of the testimony as to the original cost of the dam and raceway. This was certainly offered to be proved, and the arbitrators refused to hear it.

"His Honor, the Chancellor, considered the proof offered of the original cost of the dam and raceway, as delusive and injurious, and (citing his language on this point,) I am under the necessity of dissenting from the opinion of the Chancellor. The evidence of the original cost of the dam and raceway, would not only be admissible and pertinent evidence, but under all the circumstances, the only and the best evidence to enable the arbitrators to ascertain the value of the works and erections, as contemplated by the parties in the lease." (17 J. R. 413.)

"What then, could throw so much light on the then value of the subjects to be appraised, as evidence of what it originally cost to make them? The lapse of time which had

intervened, would make it necessary and just to make very considerable deductions from the first cost, in consequence of the decay of parts of the works. And if there are variations in the prices, &c., nothing can be more easily proved.

"I am entirely satisfied that the arbitrators refused to hear legal, pertinent, and material evidence; and that such refusal amounted to *gross misconduct* in them; and that by the well-established principles of equity, it is good cause for setting aside the award."

The decree of the Chancellor was accordingly reversed in both suits, the bill of the plaintiffs in the original suit below, ordered to be dismissed with costs below to the defendants therein, and decree made in the cross suit that the appellants have the relief sought for and prayed in their cross bill &c.

For *reversal* 19, affirmative 7.

